Filed: October 29, 2009

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

_____

DOCKETING NOTICE--APPEAL FROM DISTRICT COURT
_____

No. 09-10,     US v. Richard Jackson
               1:04-cv-00251-LHT

This case has been placed on the Court's docket under the above-referenced number, which should be used on papers subsequently filed in this Court.

Counsel are responsible for ensuring that documents are timely filed by actual receipt as required in the appropriate clerk's office. Noncompliance with jurisdictional deadlines will prevent the Court from considering the case, and failure to meet other deadlines may result in dismissal for failure to prosecute or in imposition of sanctions. See Local Rules 45, 46(g).

In cases in which more than one attorney represents a party, future notices will be sent only to attorneys who have entered an appearance as counsel of record; other attorneys will be removed from the case.

Counsel are responsible for ensuring that social security numbers, juvenile names, dates of birth, and financial account numbers are redacted from any documents filed with the Court and that any sealed materials are filed in accordance with the enclosed **Memorandum on Sealed and Confidential Materials**. Counsel must obtain an Appellate CM/ECF Filer Account as outlined in the **Notice Regarding Implementation of CM/ECF**; electronic filing is mandatory for counsel in all Fourth Circuit cases effective June 1, 2008.

Counsel must file the initial forms required upon docketing, as set forth in the following table of forms, in the clerk's office within **14 days** of the date of this notice. The forms can be completed and printed or saved in electronic form.

Click on a link to display the required form; all forms are also available at www.ca4.uscourts.gov.

| Form: | Required From: | Required Number: |
|---|---|---|
| **Appearance of Counsel** | Counsel of record for any party to the appeal (If not admitted to this Court, counsel must complete and submit an **application for admission**.) | Original only |
| **Disclosure Statement** | All parties to a civil or bankruptcy case and all corporate defendants in a criminal case (not required from the United States, from indigent parties, or from state or local governments in pro se cases) | Original only |
| **Docketing Statement** | Appellant's counsel (not required after Rule 5 grant of permission to appeal) | Original only |
| **Transcript Order** | Appellant, only if ordering transcript (not required from appellee) | Attach to docketing statement |
| **CJA 24** | Appellant, only if transcript is at court expense under Criminal Justice Act (not required from appellee) | Attach to docketing statement |

I will be the case manager for this case. Please contact me at the number listed below if you have any questions regarding your case.

Beth Walton
Deputy Clerk
804-916-2725

MEMORANDUM ON SEALED AND CONFIDENTIAL MATERIALS
FRAP 25(a)(5) & LOCAL RULE 25(c)

Redaction of Personal Data Identifiers:  The Federal Rules of Appellate Procedure require that the following personal data identifiers be excluded or redacted from documents filed with the Court:

- Social Security & EIN Numbers: Use 4 digits only.
- Names of Minor Children: Use initials only.
- Dates of Birth: Use year only.
- Financial Account Numbers: Use last 4 digits only.
- Home Addresses in Criminal Cases: Use city and state only.

If these identifiers must be included in full in documents filed with the Court, the documents must be filed under seal with a certificate of confidentiality, and redacted copies of the documents must be filed for the public file. The federal rules exempt the following documents from the redaction requirement: the account number or address of property subject to a forfeiture action; state court records; agency records; court records that were not subject to redaction requirements when created; filings in social security and immigration cases; pro se filings in 28 U.S.C. § § 2241, 2254, or 2255 cases; and documents preceding the charging document, the charging document, the arrest warrant, and the search warrant in a criminal case. Parties should exercise caution with regard to any sensitive personal data in filings. Counsel should notify their clients that filings will be made available over the internet, so that an informed decision can be made about inclusion of sensitive information. The clerk will not review filings for redaction or sealing.

Certificates of Confidentiality: Personal data identifiers and material sealed by the district court or agency may be filed under seal on appeal if accompanied by a certificate of confidentiality identifying the sealed matter as personal data identifiers or items sealed by the district court or agency.

Motions to Seal:  A party seeking to seal material in addition to personal data identifiers or material sealed below; to seal an entire brief, motion, or other non-record document; or to seal all party filings on appeal, must file a motion to seal in this Court. Cases which proceeded under seal in the district court, including grand jury matters, will not proceed under seal on appeal unless this Court grants a motion to seal the parties' filings on appeal.

Appendices:  When sealed material is included in the appendix, it must be segregated from other portions of the appendix and filed in a separate, sealed volume of the appendix. The front of the sealed volume must be conspicuously marked SEALED, and the volume must be accompanied by a certificate of confidentiality. Four copies of sealed volumes of the appendix must be filed, together with four copies of the certificate of confidentiality, in an envelope marked SEALED. Six copies of unsealed volumes of appendix are required (five copies from court-appointed counsel). Sealed and unsealed volumes of appendix are filed in paper form only using the entry **NOTICE OF PAPER FILING.**

Briefs, Motions, and Other Documents:  When sealed material is included in a brief, motion, or any document other than an appendix, two versions of the document must be filed: (i) a complete version under seal in which the sealed material has been distinctively marked and (ii) a redacted version of the same document for the public file. The front of the sealed brief, motion, or other document must be conspicuously marked SEALED, and the document must be accompanied by a certificate of confidentiality or motion to seal. Four copies of sealed versions of briefs must be filed, together with four copies of the certificate of confidentiality or motion to seal, in an envelope marked SEALED. Eight copies of unsealed versions of the brief are required (six from court-appointed counsel). Sealed versions of briefs are filed in electronic form using the entry **SEALED BRIEF FILED** which automatically restricts electronic access to the Court. The electronic version of other sealed documents is filed using the entry **SEALED DOCUMENT OR MOTION FILED,** which also restricts electronic access to the Court.