IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 09-10 |
| | ) | |
| RICHARD ALLEN JACKSON | ) | |
| | ) | |
| | ) | |

## UNOPPOSED MOTION TO SUSPEND
## PRELIMINARY BRIEFING ORDER

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and with the consent of the government, and moves this Court to suspend the preliminary briefing order that was issued on 12 July 2010 for sixty days. In support of this motion, Mr. Jackson shows the following:

1.       This case is an appeal from the denial of a motion to vacate the judgment by the petitioner who was sentenced to death in the lower court. Mr. Jackson was tried for murder, rape, and kidnapping and sentenced to death in the United States District Court for the Western District of North Carolina. His convictions and sentences were affirmed on direct appeal. *See United States v. Jackson*, 372 F.3d 273 (4th Cir.), *cert. denied*, 540 U.S. 1019 (2003). He timely filed a motion to vacate the judgment. *See* 28 U.S.C. § 2255. The district court denied his motion to vacate

without an evidentiary hearing.

2.     Mr. Jackson has thirty-four claims in his motion to vacate.  His motion to vacate was supported by substantial documentary material and forty-one (41) affidavits, including averments from several independent attorneys, all three trial counsel, and a number of experts in various scientific and medical fields.  The district court denied Mr. Jackson's repeated requests for funds for expert assistance and for an evidentiary hearing on the numerous disputed issues of fact, all of which Mr. Jackson supported by substantial and detailed affidavits.  The district court denied the motion to vacate, without holding an evidentiary hearing, in a 251-page order.

3.     Mr. Jackson timely filed a specific and detailed request for a certificate of appealability in the district court.  This request included eleven (11) separate issues, many of which are legal claims upon which this Court has issued a certificate of appealability in other appeals from capital post-conviction proceedings, such as ineffective assistance of counsel, the denial of funds for expert assistance, the failure to obtain and present expert testimony in mitigation, the failure to challenge expert testimony, the failure to investigate and present compelling mitigation from lay witnesses, and the failure to conduct an evidentiary hearing on contested issues.It was a comprehensive pleading, although each issue was couched solely in terms of the need for and standards governing a certificate of appealability, including references

to the controlling decisions in *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), and *Miller-El v. Cockrell*, 537 U.S. 322, 337-386 (2003).

4.    On 12 July 2010, the district court issued a 29-page order denying a certificate of appealability on each issue.  Many of these issues involved an alleged deprivation of Mr. Jackson's constitutional rights, including numerous allegations of ineffective assistance of counsel.  Each claim was supported by numerous affidavits, including the affidavits of trial counsel themselves.  Yet without conducting an evidentiary hearing on these disputed issues of fact, the district court not only denied the claims on the merits, but refused to issue a certificate of appealability on each claim.  Thus, Mr. Jackson will need to present multiple claims to this Court, both on the merits and as a basis for this Court to issue a certificate of appealability. This process will be extremely time-consuming and detailed.

5.    The undersigned have compelling litigation obligations that preclude their immediate attention to this matter.  In August 2009, North Carolina passed the Racial Justice Act.  *See* N.C. Gen. Stat. § 15A-2010 et seq.  It entitles every person presently sentenced to death with the opportunity to file a post-conviction motion, within one year of the enactment of the legislation, if he can show that race was a significant factor in the decision to seek or impose his death sentence.  The Act also allows the use of statistical evidence in support of the motion.  *Id*.  Since the passage

of the Act, researchers have been gathering, assimilating, and evaluating data on this question. The reports are forthcoming. The one-year deadline for filing these motions is 10 August 2010. The undersigned have not only been involved with the general efforts to file these motions on behalf of the more than 160 inmates serving death sentences in North Carolina, but each has individuals they represent. Mr. Widenhouse personally represents nine people and Ms. Kenney personally represents eight people who must file their motions under the Act by August 10. These obligations have consumed and continued to consume most of their time.

6.       Once these motions are filed on August 10, the undersigned also have litigation obligations that have been delayed and must be completed. For example, Mr. Widenhouse has briefs due in the North Carolina Court of Appeals in *State v. Butler*, *State v. Joyner*, and *Nicopoulos v. Haigler*; has an evidentiary hearing in the United States District Court on 19 August 2010; has two oral arguments scheduled for this Court's September term in *Underwood v. Harkleroad* and *United States v. Rogers*; and has a brief due in a capital appeal in the Supreme Court of North Carolina in October 2010. Ms. Kenney has a pleading due in another capital post-conviction matter in September and a petition for a writ of certiorari due in a capital post-conviction matter in September. These pre-existing obligations necessitate this request to suspend the briefing order in this matter.

7.    The undersigned have consulted with opposing counsel, Assistant Attorney General Jeffrey B. Kahan, who has consented to this motion and agrees the preliminary briefing order  should be suspended for sixty (60) days under these unusual circumstances.

8.    The interests of justice and fairness to Mr. Jackson  would best be served by suspending the preliminary briefing order for 60 days so that his counsel may fully and effectively prepare for filing his opening brief on the merits and a request for this Court to issue a certificate of appealability on the appropriate claims.

WHEREFORE, Richard Allen Jackson respectfully requests that this Court suspend the preliminary briefing order for 60 days.

RESPECTFULLY submitted this the 14th day of July, 2010.

**RUDOLF WIDENHOUSE & FIALKO**


  s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:  919-967-4900
Telefax:    919-967-4953
mgwidenhouse@RWF-law.com


**CENTER FOR DEATH PENALTY LITIGATION**


  s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
201 West Main Street, Suite 301
Durham, NC 27701
Telephone:   919-956-9545
Telefax:     919-956-9547
shelagh@cdpl.org

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on the 14th day of July, 2010, I caused this Unopposed Motion to Withhold Briefing Schedule to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF user:

Jeffrey B. Kahan
Assistant Attorney General
Jeffrey.Kahan@usdoj.gov

s/ M. Gordon Widenhouse, Jr
M. Gordon Widenhouse, Jr.