IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 09-10 |
| | ) | |
| RICHARD ALLEN JACKSON | ) | |
| | ) | |
| | ) | |

## UNOPPOSED MOTION TO EXTEND TIME FOR FILING PRELIMINARY BRIEF AND JOINT APPENDIX

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and with the consent of the government, and moves this Court to extend the time for filing the preliminary brief and joint appendix for thirty days, to and including 21 November 2010. In support of this motion, Mr. Jackson shows the following:

1.      This case is an appeal from the denial of a motion to vacate the judgment by the petitioner who was sentenced to death in the lower court. Mr. Jackson was tried for murder, rape, and kidnapping and sentenced to death in the United States District Court for the Western District of North Carolina. His convictions and sentences were affirmed on direct appeal. *See United States v. Jackson*, 372 F.3d 273 (4th Cir.), *cert. denied*, 540 U.S. 1019 (2003). He timely filed a motion to vacate the

judgment. *See* 28 U.S.C. § 2255. The district court denied his motion to vacate without an evidentiary hearing.

2.     Mr. Jackson has thirty-four claims in his motion to vacate. His motion to vacate was supported by substantial documentary material and forty-one (41) affidavits, including averments from several independent attorneys, all three trial counsel, and a number of experts in various scientific and medical fields. The district court denied Mr. Jackson's repeated requests for funds for expert assistance and for an evidentiary hearing on the numerous disputed issues of fact, all of which Mr. Jackson supported by substantial and detailed affidavits. The district court denied the motion to vacate, without holding an evidentiary hearing, in a 251-page order.

3.     Mr. Jackson timely filed a specific and detailed request for a certificate of appealability in the district court. This request included eleven (11) separate issues, many of which are legal claims upon which this Court has issued a certificate of appealability in other appeals from capital post-conviction proceedings, such as ineffective assistance of counsel, the denial of funds for expert assistance, the failure to obtain and present expert testimony in mitigation, the failure to challenge expert testimony, the failure to investigate and present compelling mitigation from lay witnesses, and the failure to conduct an evidentiary hearing on contested issues. It was a comprehensive pleading, although each issue was couched solely in terms of

the need for and standards governing a certificate of appealability, including references to the controlling decisions in *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), and *Miller-El v. Cockrell*, 537 U.S. 322, 337-386 (2003).

4.    On 12 July 2010, the district court issued a 29-page order denying a certificate of appealability on each issue. Many of these issues involved an alleged deprivation of Mr. Jackson's constitutional rights, including numerous allegations of ineffective assistance of counsel. Each claim was supported by numerous affidavits, including the affidavits of trial counsel themselves. Yet without conducting an evidentiary hearing on these disputed issues of fact, the district court not only denied the claims on the merits, but refused to issue a certificate of appealability on each claim. Thus, Mr. Jackson will need to present multiple claims to this Court, both no the merits and as a basis for this Court to issue a certificate of appealability. This process will be extremely time-consuming and detailed.

5.    As this Court knows, the undersigned had compelling litigation obligations that precluded their immediate attention to this matter and virtually any other cases in which they were involved. In August 2009, North Carolina passed the Racial Justice Act. *See* N.C. Gen. Stat. § 15A-2010 et seq. It entitles every person presently sentenced to death with the opportunity to file a post-conviction motion, within one year of the enactment of the legislation, if he can show that race was a

significant factor in the decision to seek or impose his death sentence. The Act also allows the use of statistical evidence in support of the motion. *Id*. Since the passage of the Act, researchers have been gathering, assimilating, and evaluating data on this question. The reports are forthcoming. The one-year deadline for filing these motions is 10 August 2010. The undersigned have not only been involved with the general efforts to file these motions on behalf of the more than 160 inmates serving death sentences in North Carolina, but each has specific individuals whom they represent. Mr. Widenhouse personally represents ten people and Ms. Kenney personally represents eight people. They prepared and filed motions in each of these cases under the Act by August 10. These obligations consumed virtually all of their time during June, July, and early August.

6.     Once these motions were filed, the undersigned had other litigation obligations that were delayed and had to be completed. Since August 10, for example, Mr. Widenhouse filed four briefs in the North Carolina Court of Appeals in *State v. Butler*, *State v. Joyner*, *Nicopoulos v. Haigler*, and *State v. Camarata*; conducted an evidentiary hearing in the United States District Court on 19 August 2010, which was followed by three supplemental memoranda ordered by the Court; filed a reply brief in this Court in *Wiggins v. Boyette* on August 25; filed two petitions for discretionary review in the Supreme Court of North Carolina on September 7 and

September 21; presented two oral arguments at this Court's September term in *Underwood v. Harkleroad* and *United States v. Rogers*; filed a petition for rehearing en banc in this Court in *United States v Lovin* on 21 September 2010, for which this Court has ordered a response from the government; filed a supplemental brief in federal district court in a matter on remand from the Supreme Court of the United States; filed a brief in this Court in *United States v. Johnston* on September 27; and filed objections to a magistrate's memorandum and recommendation on 1 October 2010.   After August 10, Ms. Kenney had duties as a staff attorney at the Center for Death Penalty Litigation with post-filing activities for the 150-plus defendants who filed motions under the RJA.  In addition, she filed a supplemental brief in federal district court in a matter on remand from the Supreme Court of the United States.

7.    Mr Widenhouse has a reply memorandum in federal district court in a matter on remand from the Supreme Court of the United States due on October 8 and a brief due in the North Carolina Court of Appeals on October 12.  He is also preparing for two more oral arguments before this Court on October 26 and October 29.  He also has two petitions for writs of certiorari due in the next seven weeks.  Ms. Kenney also has a reply memorandum in federal district court in a matter on remand from the Supreme Court of the United States due on October 8, along with petitions for a writ of certiorari due in *State v. Moses* on October 26 and in *State v. Augustine*

on October 31, both state capital post-conviction proceedings.

8.    The undersigned have consulted with opposing counsel, Assistant Attorney General Jeffrey B. Kahan, who has consented to this motion and agrees the time for filing the preliminary brief order should be extended for thirty days under these unusual circumstances.

9.    The interests of justice and fairness to Mr. Jackson would best be served by extending the time for filing the preliminary brief for 60 days to and including 21 November 2010, so his counsel can fully and effectively prepare the preliminary brief on the merits and request a certificate of appealability on the appropriate claims.

WHEREFORE, Richard Allen Jackson respectfully requests that this Court extend the time for filing the preliminary brief for 30 days, to 21 November 2010.

RESPECTFULLY submitted this the 6th day of October, 2010.

**RUDOLF WIDENHOUSE & FIALKO**


  s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:  919-967-4900
Telefax:     919-967-4953
mgwidenhouse@RWF-law.com


**CENTER FOR DEATH PENALTY LITIGATION**


  s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
201 West Main Street, Suite 301
Durham, NC 27701
Telephone:   919-956-9545
Telefax:      919-956-9547
shelagh@cdpl.org

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on the 6th day of October, 2010, I caused this

Unopposed Motion to Extend Time for Filing Preliminary Brief and Joint Appendix

to be filed electronically with the Clerk of the Court using the CM/ECF System,

which will send notice of such filing to the following registered CM/ECF user:

Jeffrey B. Kahan
Assistant Attorney General
Jeffrey.Kahan@usdoj.gov


                                    s/ M. Gordon Widenhouse, Jr
                                    M. Gordon Widenhouse, Jr.