IN THE UNITED STATE COURT OF APPEALS
FOR THE FOURTH CIRCUIT
NO. 09-10

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD ALLEN JACKSON | ) |
| | ) |
| | ) |

**<u>UNOPPOSED MOTION FOR EXPANSION OF WORD OR PAGE LIMITATIONS
FOR THE OPENING BRIEFS</u>**

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and with

the consent of the government, and respectfully moves this Court, pursuant to Federal Rules of

Appellate Procedure 2 and 32(a), and this Court's Local Rule 32(b), for an expansion of the word

limitations for the opening briefs of both parties to 28,000 words. In further support of this

motion, Mr. Jackson shows the following:

1.      After his conviction and sentence of death was affirmed by this Court, *see United*

*States v. Jackson*, 372 F.3d 273 (4th Cir.), *cert. denied*, 540 U.S. 1019 (2003), Mr. Jackson filed a

comprehensive motion to vacate the judgment challenging his conviction and sentence of death for

the murder of Karen Styles.  *See* 28 U.S.C. §2255.  The motion to vacate was itself supported by

forty-one (41) affidavits, as well as considerable documentary exhibits.  In his initial and

amended motions, Mr. Jackson raised thirty-seven (37) claims.  Several of these claims were

based on new information provided by the government that Mr. Jackson believes creates factual

issues about the manner in which the crimes were committed and the possible jurisdiction of the

federal courts.   The district court denied the motion to vacate and entered a judgment accordingly

on 19 June 2009. Mr. Jackson timely moved to alter or amend the judgment, which was denied on 26 August 2009.

2.    On 26 October 2009, Mr. Jackson filed a motion for certificate of appealability, seeking a certificate on eleven (11) claims. On 13 July 2010, the district court denied Mr. Jackson's request for a certificate of appealability on all claims.

3.    The opening brief for Mr. Jackson is currently due to be filed on 22 November 2010. The undersigned are working to complete the joint appendix and working on drafts of various issues to be included in the opening brief. Due to the district court's denial of a certificate of appealability on all issues, Mr. Jackson must include with his opening brief a request for appealability to this Court.

4.    Despite the determination by the district court that Mr. Jackson should not be encouraged to proceed further on his claims, Mr. Jackson contends jurists of reason would find debatable the numerous claims he intends to raise in his opening brief. The factual development of several of these issues, which include ineffective assistance of counsel claims regarding both trial counsel's handling of evidence presented by the federal government concerning the alleged use of a stun gun by Mr. Jackson against the victim, their failure to obtain and present numerous scientific experts at trial, and their failure to investigate and present readily-available mitigation evidence (including expert mental health evidence) at the sentencing phase, is complex and detailed, as well as supported by numerous affidavits. In addition to these ineffective assistance of counsel claims, Mr. Jackson also intends to raise issue relating to the denial of funds and an evidentiary hearing in the district court. Mr. Jackson was provided only $1,000 in the course of the investigation and preparation of his §2255 pleading and, despite filing affidavits from numerous lay witnesses and experts, the district court did not grant Mr. Jackson an evidentiary

hearing on any of the claims filed as part of his §2255. Furthermore, in his amended motions under §2255, Mr. Jackson raised, and intends to seek permission to pursue in this Court, claims that the newly disclosed evidence, revealed by the federal government after Mr. Jackson filed his§2255 pleading, (1) suggests another person participated in these crimes, (2) calls into question the jurisdiction of the federal court, and (3) disputes his involvement and culpability for the crime and the appropriateness of the death sentence.

5.    The district court denied a certificate of appealability on all issues. Nonetheless, this Court, on numerous occasions, has granted certificates of appealability after the district court had denied certificates of appealability.  *See, e.g., Hooks v. Branker*, No. 08-12 (26 May, 2009); *Larry v. Branker*, No. 07-7 (4 June 2008); *Moses v. Polk,* No. 06-8 (29 January, 2007); *McNeill v. Polk*, No. 05-12 (8 March 2006); *Campbell v. Polk*, 04-2 (7 November 2005); *Kandies v. Polk*, No. 03-9 (22 March 2004).   Thus, Mr. Jackson must also address the matter of whether a certificate of appealability shall be granted by this Court.

6.    In order to address both the merits of these claims, as well as demonstrate why he should be encouraged to proceed further on these claims, *see Miller-El v. Cockrell*, 537 U.S. 322 (2003), Mr. Jackson needs additional space beyond the 14,000 words provided for under Fed. R. App. P. 32(a)(7)(B)(I).   This Court allowed motions for such expansion of the word limits in both *McNeill* and *Campbell*.

7.    The undersigned have spoken with opposing counsel, Jeffrey Bradford Kahan, and he has stated that he does not oppose this requested expansion of the length of the briefs.

8.    The undersigned believe that, given the gravity of the nature of this case and the need for this Court to have the fullest opportunity to consider the critical claims, the interests of justice will best be served by allowing this expansion of the limitations and allowing both parties

to have up to 28,000 words in their opening brief.

WHEREFORE, Richard Allen Jackson respectfully requests that both parties be allowed up to 28,000 words in the opening briefs.

RESPECTFULLY submitted this the 5th day of November, 2010.

**RUDOLF WIDENHOUSE & FIALKO**


/s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
NCSB #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:919-967-4900
Telefax:    919-967-4953
mgwidenhouse@RWF-law.com



**CENTER FOR DEATH PENALTY LITIGATION**


/s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
NCSB #28202
Center for Death Penalty Litigation
201 West Main Street, Suite 301
Durham, NC 27701
Telephone: 919-956-9545
Telefax: 919-956-9547
shelagh@cdpl.org

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on the 5th day of November, 2010, I caused this UNOPPOSED MOTION FOR EXPANSION OF WORD OR PAGE LIMITATIONS FOR THE OPENING BRIEFS to be filed electronically with the Clerk of Court using the CM/ECF System, which will send notice of such filing to Jeffrey B. Kahan, Assistant Attorney General, Jeffrey.Kahan@usdoj.gov.

/s/M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.