**RECORD NO. 09-10**

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## RICHARD ALLEN JACKSON,

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE**

---

**PETITION FOR REHEARING WITH
SUGGESTION FOR REHEARING EN BANC**

---

**M. Gordon Widenhouse, Jr.**
RUDOLF, WIDENHOUSE & FIALKO
**312 West Franklin Street**
**Chapel Hill, North Carolina  27516**
**(919) 967-4900**

**Shelagh R. Kenney**
CENTER FOR DEATH
  PENALTY LITIGATION
**Post Office Box 1965**
**Greenville, North Carolina  27835**
**(919) 956-9545**

*Counsel for Appellant*

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF PURPOSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF COUNSEL  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     I.      The Denial of an Evidentiary Hearing to Richard Jackson, in the Face of Uncontradicted Facts in More Than Forty Affidavits, Is Contrary to the Plain Language of Section 2255 and Controlling Precedents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

     II.     The Denial of a Certificate of Appealability Is Contrary to Controlling Supreme Court Precedents and Recent Grants By Other Panels of this Court Where Richard Jackson Deserved Encouragement to Proceed Further on Several Compelling Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Batson v. Kentucky*,
476 U.S. 79 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Cagle v. Branker*,
520 F.3d 320 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Del Piano v. United States*,
362 F.2d 931 (3d Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Fontaine v. United States*,
411 U.S. 213 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Gray v. Branker*,
529 F.3d 220 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kandies v. Polk*,
385 F.3d 457 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Machibroda v. United States*,
368 U.S. 487 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10, 12

*Miller-El v. Cockrell*,
537 U.S. 322 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15

*Raines v. United States*,
423 F.2d 526 (4th Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Romero v. United States*,
327 F.2d 711 (5th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Schiebelhut v. United States*,
357 F.2d 743 (6th Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Scott v. United States*,
     349 F.2d 641 (6th Cir. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Slack v. McDaniel*,
     529 U.S. 473 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Stead v. United States*,
     67 F. Supp. 2d 1064 (D.S.D. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Tennard v. Dretke*,
     542 U.S. 274 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Townsend v. Sain*,
     372 U.S. 293 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

*United States v. Higgs*,
     No. 10-7 (Order of 3 March 2011 granting COA) . . . . . . . . . . . . . 1, 3, 7, 15

*United States v. Nicholson*,
     475 F.3d 241 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Robinson*,
     238 Fed. Appx. 954 (4th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Salerno*,
     290 F.2d 105 (2d Cir. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Unger*,
     665 F.2d 251 (8th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Witherspoon*,
     231 F.3d 923 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Winston v. Kelly*,
     592 F.3d 535 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iii

**STATUTES**

28 U.S.C. § 2253(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

28 U.S.C. § 2254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

28 U.S.C. § 2254(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**RULES**

4th Cir. L.R. 40(b)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4th Cir. L.R. 40(b)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

4th Cir. L.R. 40(b)(iv) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. App. P. 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. P. 40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

**OTHER AUTHORITIES**

Advisory Committee Notes to Rule 5,
Rules Governing Section 2255 Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

## PETITION FOR REHEARING
### and
## SUGGESTION FOR REHEARING EN BANC

Richard Allen Jackson respectfully requests that the summary denial of a certificate of appealability (COA) and the dismissal of his appeal in this capital proceeding under 28 U.S.C. § 2255, be reheard by the panel or by this Court sitting en banc. Fed. R. App. P. 35, 40. [Copy of denial attached] This case presents important jurisprudential questions regarding (1) the propriety of a district court denying, without an evidentiary hearing,[1] motion to vacate that was supported by more than forty essentially uncontradicted affidavits, and (2) the denial of a COA on several issues of about which reasonable jurists could and do disagree, including that Mr. Jackson's convictions and death sentence were obtained through scientifically unsound evidence, an issue strikingly similar to one upon which this Court has just granted a COA, *see United States v. Higgs*, No. 10-7 (Order of 3 March 2011 granting COA, copy attached). Both of these issues merit rehearing, either by the panel or by the Court sitting en banc.

### STATEMENT OF PURPOSE

Richard Jackson's convictions and sentence of death resulted from a myriad of constitutional and procedural deprivations. Without conducting an evidentiary

---

[1]Counsel believe Mr. Jackson's case is the only capital proceeding in this Court where a district court did not hold a hearing on a motion to vacate, except for *United States v. Higgs*, where a COA has been granted.

1

hearing in the face of uncontradicted facts that entitle Mr. Jackson to relief, the district court denied the motion to vacate.  The district court then compounded the injustice by denying a COA.  A panel of this Court then dismissed the appeal, again denying a COA on multiple claims for which Mr. Jackson should have been encouraged to proceed farther and about which reasonable jurists could, and do, disagree.  Rehearing of this order, either by the panel or en banc, is in order for several reasons.

First, after Mr. Jackson was convicted, Robert Lunsford admitted participating in these crimes.  This new evidence directly related to Mr. Jackson's involvement in and responsibility for the crimes and, concomitantly, the propriety of a death sentence.  It called into question details of Mr. Jackson's confession, supported new defense theories, and raised doubt about the federal court's jurisdiction.  The government claimed Mr. Jackson *alone* caused Karen Styles' death in a national forest.  But the new evidence not only showed Lunsford was involved, but also revealed Styles was kept in an abandoned house for several days before she was killed.  If so, the murder (1) occurred outside the special territorial jurisdiction of the United States and (2) was not done with the gun introduced at trial because it had been returned to a store the day Styles disappeared.  Despite the materiality of this new evidence on guilt, sentencing, and federal jurisdiction, the district court summarily dismissed the motion without an evidentiary hearing.

2

Second, Mr. Jackson presented uncontradicted expert testimony from four scientists that the red marks on her body were caused by post-mortem insect activity, not a stun gun as the government claimed. The government's purported stun-gun expert examined autopsy photographs and opined Styles received numerous wounds from a stun gun. His testimony was essentially uncontested at trial. But four renowned experts have now repudiated this opinions. Moreover, the government's expert himself has disclaimed the validity of the method he used in testimony under oath  No defense experts testified because trial counsel failed to investigate and secure experts to challenge this inflammatory testimony. But Mr. Jackson has shown this expert was incorrect. His methods were not scientifically reliable, according to the opinions of the four experts in biomedical and clinical engineering, forensic entomology, and forensic pathology, all of which the district court simply ignored. The trial testimony that Styles' was tortured with a stun gun, which unquestionably impacted the jury, was scientifically unsound. Yet the district court rejected this claim, again without an evidentiary hearing, despite the uncontradicted proffer of four experts. As it was in *Higgs*, this Court should be disturbed by the use of such an unreliable and unqualified witness to secure a conviction and death sentence. At the very least, but for the ineffective assistance of trial counsel, critical contrary evidence could have been presented to prevent the admission of the government's evidence or at least blunt its undeniable impact on the jury with compelling and dramatic

3

contradiction. Taking the opinions of these four experts as true, the district court should not have summarily dismissed this claim of ineffective assistance of counsel without an evidentiary hearing. At the very least, Mr. Jackson, like Higgs, is entitled to a COA.

Third, the district court contorted the record to avoid an evidentiary hearing by its wholesale rejection of forty affidavits, including six from lawyers: three from Mr. Jackson's trial attorneys and three from other experienced attorneys, two of whom were respected capital litigators who reviewed the efforts of trial counsel and offered concrete statements about the shortcomings. The district court denied Mr. Jackson a hearing at which he could qualify them as experts. These affidavits, by attorneys whose qualifications, credentials, and credibility as seasoned capital litigators have not been even remotely challenged by the government or disputed by the district court, provided evidence of trial counsel's ineffectiveness by explaining specific acts of omission and commission that were outside the bounds of accepted standards for attorney performance. They reviewed many of the materials in this action, including the section 2255 motion to vacate and the affidavits from Mr. Jackson's three attorneys, each of whom they knew well. They would have explained specific actions trial counsel should (or should not) have taken. Their observations about whether the performance of counsel met the existing standards for performance in a capital case was relevant and pertinent information the district court should have considered.

4

These affidavits at least required an evidentiary hearing.  The district court was similarly dismissive of trial counsel's affidavits, which explained in detail many ways in which their trial preparation fell short of constitutional standards, conclusively labeling them as mere attempts to create a reversal.  In doing so, the district court speculated as to their motivations and impermissibly made credibility determinations without conducting an evidentiary hearing.

Finally, due to several glaring deficiencies by defense counsel, the sentencing jury did not hear the full story about Mr. Jackson.  During their mitigation investigation, defense counsel learned Mr. Jackson's biological sister, Wilma, who had been adopted by another family, had significant emotional and behavioral problems of her own.  Wilma's adopted parents had significant, compelling information to offer the jury about Mr. Jackson's condition.  They saw signs of autistic behavior, excitability, inappropriate laughing, withdrawal, and resistance to environmental changes.  As Wilma grew older, her problems worsened as she became sexually promiscuous and exhibited dramatic mood swings.  One psychiatrist found her homicidal.  She was finally diagnosed with Asperger's Disorder and currently lives in a residential care facility.  Defense counsel had a mental health professional available who could have provided a biological connection between Wilma's developmental disorders and other mental health conditions and Mr. Jackson's characteristics. During the penalty phase, defense counsel sought to introduce the

5

testimony of Phillip and Alice Allen, Wilma's adoptive parents. But defense counsel failed to properly present this evidence.

In addition, as a result of defense counsel's failure to present all available mitigation evidence, the government argued in its sentencing summation that there was no evidence to support many of the mitigating circumstances submitted by defense counsel. "They talk about the mitigation evidence, all this stuff about how bad his family life was and all these hard times and sexual abuse and all of that. Folks, there's no evidence of that." Trial counsel did not present available lay testimony about Mr. Jackson's traumatic childhood and his continuing mental health problems throughout his adolescence and early childhood. The sentencing phase of a capital case necessitates a broad inquiry into all relevant mitigating evidence to allow an individualized decision about the appropriate punishment. The key to such "individualized determination" is an adequate mitigation effort where the defendant's background and character are fully presented to the jury. Again, despite the importance of this proffered evidence and the absence of a conclusive showing that the deficient performance would not entitle Mr. Jackson to relief, the district court summarily dismissed these claims without an evidentiary hearing.

### STATEMENT OF COUNSEL

Counsel believes the conditions outlined in the Statement of Purpose exist. Petitioner seeks rehearing by the panel or the en banc court to address the global issue

of the denial of this motion to vacate without the benefit of an evidentiary hearing. The denial of an evidentiary hearing was at odds with the plain language of section 2255, settled precedent of the Supreme Court of the United States and this Court, and principles underlying summary judgment procedure. Fed. R. App. P. 40, Local Rule 40(b)(iii). In addition, the failure to grant a COA flies in the face of the standards for a COA articulated by the Supreme Court and contrary to another panel's recent grant of a COA in *Higgs* on an issue almost identical to one in this case. *Id*., Local Rule 40(b)(i), (iii), (iv).

**I.     The Denial of an Evidentiary Hearing to Richard Jackson, in the Face of Uncontradicted Facts in More Than Forty Affidavits, Is Contrary to the Plain Language of Section 2255 and Controlling Precedents.**

Section 2255 plainly states that "the court shall . . . grant a prompt hearing" unless the motion "conclusively show[s] that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (emphasis added).[2] The standard for granting an evidentiary hearing is clear. *See Machibroda v. United States*, 368 U.S. 487 (1962).[3] In *Machibroda*, the

---

[2]Every inference must be drawn in Mr. Jackson's favor because he pled facts that, if true, entitle him to relief. *See* 28 U.S.C. § 2255; *see also Townsend v. Sain*, 372 U.S. 293, 312-13 (1963) (requiring a hearing in federal habeas proceedings where the petitioner has alleged facts which, if proven, would entitle him to relief and where the district court has not resolved the merits of the factual dispute in a full and fair hearing); *accord Fontaine v. United States*, 411 U.S. 213, 215 (1973); *United States v. Nicholson*, 475 F.3d 241 (4th Cir. 2007) (holding that denial of section 2255 motion without hearing is akin to a grant of summary judgment and thus the facts must be viewed in light most favorable to movant).

[3]*Machibroda* is cited in Rule 5 of the Rules Governing Section 2255 Proceedings, which concerns the government's answer and the movant's traverse. As the Advisory Committee Notes state:

7

Court remanded for an evidentiary hearing to determine whether the movant's plea was involuntary because it was allegedly induced by promises made by the prosecuting attorney as to the length of the sentences that would be imposed. The movant and the prosecutor filed conflicting affidavits on the factual matter of whether such promises were made. The district judge decided, without a hearing, that the movant's allegations were false and denied the section 2255 motion. *Machibroda* held the district court did not act in conformity with section 2255.

> This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the "files and records" in the trial court. The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, case no real light.

368 U.S. at 494-95; *see United States v. Witherspoon*, 231 F.3d 923, 926 (4th Cir. 2000) (remanding section 2255 proceedings for hearing where proffered evidence did not conclusively show defendant not entitled to relief for ineffective assistance); *accord Winston v. Kelly*, 592 F.3d 535, 552-53 (4th Cir. 2010) (evidentiary hearing

---

Numerous cases have held that the government's answer and affidavits are not conclusive against the movant, and if they raise disputed issues of fact a hearing must be held. *Machibroda v. United States*, 368 U.S. 487, 494, 495 (1962); *United States v. Salerno*, 290 F.2d 105, 106 (2d Cir. 1961); *Romero v. United States*, 327 F.2d 711, 712 (5th Cir. 1964); *Scott v. United States*, 349 F.2d 641, 642, 643 (6th Cir. 1965); *Schiebelhut v. United States*, 357 F.2d 743, 745 (6th Cir. 1966); and *Del Piano v. United States*, 362 F.2d 931, 932, 933 (3d Cir. 1966).

Advisory Committee Notes to Rule 5, Rules Governing Section 2255 Cases.

properly granted where "it was not implausible that [petitioner] could succeed of he proved the facts alleged in the petition"); *see also United States v. Unger*, 665 F.2d 251, 254 (8th Cir. 1981) ("an evidentiary hearing should be held where. . . the factual allegations contained in the petitioner's motion and affidavit relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light") (citations omitted).

The standard for granting an evidentiary hearing in a section 2255 proceeding is less onerous than the standard in a section 2254 proceeding. When Congress passed the AEDPA, it changed both section 2255 and 2254. Critically, these revisions differed regarding the need for an evidentiary hearing under either provision. With respect to 2254 proceedings, Congress legislatively modified the *Townsend* standard and severely limited a federal district court's discretion even to grant an evidentiary hearing. *See* 28 U.S.C. § 2254(e). Its rationale hinged on a petitioner under section 2254 having already had an opportunity for an evidentiary hearing as part of the state post-conviction process. Principles of comity and federalism demanded deference to findings of fact made by state post-conviction courts. Congress placed no similar limitations on the standard for granting an evidentiary hearing in section 2255 proceedings, as the differing texts of the two provisions reveals. *See Stead v. United States*, 67 F. Supp. 2d 1064, 1075 n.5 (D.S.D. 1999) ("Although the AEDPA modified, to some extend, the *Townsend* standard for

9

obtaining evidentiary hearings in 28 U.S.C. § 2254 cases, Congress made no parallel changes in § 2255 practice and evidently chose to leave intact the *Townsend* standard and to create a discrepancy between the right to a hearing in § 2254 and § 2255 cases.").

As *Machibroda* made clear, an evidentiary hearing must be conducted when there are material facts in dispute and these facts relate to events that occurred outside the courtroom and, therefore, are not memorialized in the trial record. These are precisely the kinds of material facts in dispute here, i.e. the actions that trial counsel did and did not take in investigating and preparing the mitigation case for Mr. Jackson's trial. The facts regarding counsel's investigation and preparation are not contained in the trial record. To the extent some of those facts have been adduced in the section 2255 proceedings (in affidavits, sworn declarations, and previous statements in the record), there are numerous conflicting statements with respect to the disputed issues of material fact. As in *Machibroda*, the only way these factual disputes can be resolved is through an evidentiary hearing, at which witnesses can be called and questioned, and specific factual findings regarding counsel's investigation and preparation can be made.

There are numerous material facts that are in dispute in the record. For example:

- The district court found trial counsel was not ineffective for failing to investigate and challenge evidence that a stun gun was used during the crime.

10

The district court based its decision primarily on its observation of the cross-examination of the government's witness, which it believed indicated counsel adequately prepared. The district court also stated the cross-examination of the government's expert demonstrated counsel consulted with a forensic entomologist and used the information to attack the government's case. However, trial counsel averred there was no pretrial decision about which attorney would handle this witness and the decision from him to cross-examine the government expert was made at the last minute. Moreover, the entomologist's own declaration made clear he spoke only to a lawyer who withdrew from the case before trial and never mentioned a stun gun.

• The district court found that the new evidence regarding the participation of another person in these crimes was nothing more than "drunken bravado" and considered it "beyond contemplation" that Mr. Jackson would not have mentioned this person to his attorneys. These observations are the very credibility determinations that cannot be made on the face of a motion to vacate under the plain language of section 2255 and settled precedents from the Supreme Court and this Court.

• The district court rejected specific failings that were admitted by trial counsel in their affidavits, which were corroborated by the affidavits of several other attorneys. The district court accused trial counsel of falling on their swords in an effort to benefit Mr. Jackson. These and other observations by the district court, upon which it based the denial of the motion to vacate, were determinations of credibility that can only be made after an evidentiary hearing. Moreover, trial counsel's confessions of prejudicially deficient performance were specific and tied to new expert and lay testimony that was developed after the trial.

As these examples demonstrate, this case was not one where the motion, files, and record conclusively showed Mr. Jackson was not entitled to relief, as required by section 2255. There are a number of disputed issues of material fact that cannot be resolved–must less conclusively resolved–on the existing record. The factual allegations in the motion and affidavits relate primarily to occurrences outside the trial courtroom upon which the record can cast no real light. Moreover, the

11

circumstances alleged are not of a kind that the district judge could completely resolve by drawing upon his own personal knowledge or recollection, as the district judge was not privy to any of the defense team's investigation and preparation.

The district court resolved these factual matters based on a selective reliance on affidavits alone and by assessing credibility, which *Machibroda* specifically condemned. Throughout its order, the district court credited pretrial statements. The district court refused to allow any process, such as a hearing, to understand the importance of the contradictory statements contained in and among the affidavits. The district court merely gave credence to selected pretrial statements of trial counsel because they were "contemporaneous as opposed to the allegations contained in [counsel's] sworn affidavit, made in the context of hindsight and to support a § 2255 motion." In doing so, the district court acted contrary to circuit precedent forbidding a district court from making credibility determinations based on the pleadings and affidavits alone. *See*, *e.g.*, *United States v. Robinson*, 238 Fed. Appx. 954 (4th Cir. 2007) (remanding for hearing, in part, because district court's decision relied on credibility determinations); *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970) ("When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive.").

The district court erred in not granting an evidentiary hearing. This appeal should not have been summarily dismissed because Mr. Jackson, like every other

previous federal capital defendant in this circuit, deserved plenary review of the denial of an evidentiary hearing as well as on the merits of numerous claims. Thus, rehearing is appropriate.

**II.    The Denial of a Certificate of Appealability Is Contrary to Controlling Supreme Court Precedents and Recent Grants By Other Panels of this Court Where Richard Jackson Deserved Encouragement to Proceed Further on Several Compelling Issues.**

A COA may issue with respect to procedural issues that affect the fullness of consideration given by a district court to a petitioner's claims for relief.

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, a key procedural issue is at the heart of the fairness of these proceedings, particularly the denial of an evidentiary hearing at which Mr. Jackson could present his claims in court. A COA must issue where, as in this case, the record reflects that "the District Court did not give full consideration to the substantial evidence petitioner put forth in support of the prima facie case." *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003).

The appropriate standard governing the determination of whether a certificate of appealability should issue has been clearly articulated.

> A COA should issue if the applicant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which we

13

have interpreted to require that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.").

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  The Court further explained:

A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on this or her part.  We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El*, 537 U.S. at 337-386 (internal quotations omitted).

Mr. Jackson requested a COA from the district court on several issues including the government's revelation of new evidence that another person admitted participating in the crimes; several claims of ineffective assistance of counsel, such as failing to develop and present expert testimony about stun guns and testimony about important mitigating evidence; the violation of his right to be free from double jeopardy; and the denial of an evidentiary hearing.  The district court denied a COA on each of these issues.

The appropriate standard governing the determination of whether a COA should issue under is straightforward.  A petitioner must show that reasonable jurists could debate whether the issues should have been resolved in a different manner or

14

that the issues were adequate to deserve encouragement to proceed further. *Tennard*, 542 U.S. at 282; *Miller-El*, 537 U.S. at 336.  Mr. Jackson deserves this opportunity on several claims.  This Court has previously determined reasonable jurists could disagree about the merits of similar claims and granted COAs.  *See*, *e.g.*, *United States v. Higgs*, No. 10-7 (whether convictions and sentences obtained through scientifically unsound evidence); *Gray v. Branker*, 529 F.3d 220 (4th Cir. 2008) (failure to marshal available expert witnesses);  *Cagle v. Branker*, 520 F.3d 320 (4th Cir. 2008) (newly discovered evidence and ineffective assistance claims); *Kandies v. Polk*, 385 F.3d 457 (4th Cir. 2004) (ineffective assistance and *Batson* claims).  At a minimum, jurists of reason could find the district court "did not give full consideration to the substantial evidence" Mr. Jackson marshaled in support of his motion to vacate.  This matter should be reheard and a COA granted.

## CONCLUSION

The perfunctory dismissal of this capital appeal and denial of a COA is unacceptable, in light of the important federal issue of when a motion to vacate can be denied without an evidentiary hearing and other cases in which this Court has granted a COA on similar issues.  Rehearing by the panel or en banc is necessary.

RESPECTFULLY submitted this the 28th day of March, 2011.

**CENTER FOR DEATH PENALTY LITIGATION**


/s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
Post Office Box 1965
Greenville, NC 27835
Telephone:  252-931-9362
Telefax:      252-830-5155
shelagh@cdpl.org


**RUDOLF WIDENHOUSE & FIALKO**


/s/ M. Gordon Widenhouse Jr.
M. Gordon Widenhouse Jr.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:  919-967-4900
Telefax:      919-967-4953
mgwidenhouse@RWF-law.com

**ATTORNEYS FOR RICHARD ALLEN JACKSON**

16

# <u>ADDENDUM</u>

FILED: February 11, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 09-10
(1:04-cv-00251-LHT)

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RICHARD ALLEN JACKSON

Defendant - Appellant

_____

O R D E R

_____

Upon consideration of the appellant's preliminary brief filed pursuant to this Court's Local Rule 22(a), the Court denies a certificate of appealability and dismisses the appeal.

Entered at the direction of Judge Niemeyer, with the concurrence of Judge Motz and Judge King.

For the Court

/s/ Patricia S. Connor, Clerk

FILED: March 3, 2011

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 10-7
(8:98-cr-00520-PJM-2)
(8:05-cv-03180-PJM)

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DUSTIN JOHN HIGGS

Defendant - Appellant

---

O R D E R

---

Upon consideration of the appellant's motion for a certificate of appealability and preliminary brief filed pursuant to this Court's Local Rule 22(a), the Court grants appellant a certificate of appealability as to Issue II:  Higg's Convictions and Sentences Were Obtained Through Scientifically Unsound Evidence.  The Court denies a certificate of appealability as to the remaining issues. A copy of this order shall be sent to the clerk of the district court.

For the Court

/s/ Patricia S. Connor, Clerk

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 28th day of March, 2011, I caused this Petition for

Rehearing and Suggestion for Rehearing en Banc to be filed electronically with the

Clerk of the Court using the CM/ECF System, which will send notice of such filing

to the following registered CM/ECF users:

Jeffrey B. Kahan
OFFICE OF THE U.S. ATTORNEY
1331 F Street, NW
Washington, DC 20530
(202) 305-8910

*Counsel for Appellee*

/s/ M. Gordon Widenhouse, Jr.
*Counsel for Appellant*