IN THE UNITED STATE COURT OF APPEALS
FOR THE FOURTH CIRCUIT
No. 09-10

UNITED STATES OF AMERICA )
)
)
v. )
)
)
RICHARD ALLEN JACKSON )

## RENEWED MOTION TO COMPENSATE FOR EXTRAORDINARY DUPLICATION EXPENSES

NOW COMES Richard Allen Jackson, by and through his undersigned counsel, and respectfully moves this Court to permit additional compensation for extraordinary duplication expenses for the preparation and filing of his petition for certiorari in the United States Supreme Court.

On 13 September 2011, undersigned counsel filed a petition for certiorari in the United States Supreme Court on Mr. Jackson's behalf. In that petition, Mr. Jackson raised the following issues: (I) the unreliability of the government's expert, (II) dual sovereignty, and (III) the denial of an evidentiary hearing.

The petition was 52 pages in length, which includes the required table of authorities and table of contents. The appendix that was filed contemporaneously with the petition was 451 pages in length. The cost of duplicating the required 14 copies of the petition for certiorari was, at 35 cents/page, $254.80. The appendix included the documents required by United States Supreme Court Rule 14(i)(i), specifically, the order of the United States Court of Appeals for the Fourth Circuit, the decision of the United States District Court denying a certificate of

1

appealability, and the decision of the United States District Court denying the section 2255 petition.    The district court order denying the certificate of appealability was 29 pages in length. The district court decision denying the section 2255 petition, attached to the petition as Appendix C, was on its own 251 pages in length.    At 17.5 cents/page, the cost to include the required 14 copies of this court order alone cost $614.95.    The additional documents contained in the appendix included the district court's order denying Mr. Jackson's Rule 59(e) motion, which was 15 pages in length, and affidavits and other documentary evidence that, pursuant to United States Supreme Court Rule 14(i)(vi), undersigned counsel "believe[d] essential to understand the petition."    In total, the cost of providing the required 14 copies of all documents in the appendix, at 17.5 cents/page, was $1,104.95.

The arguments set forth in the petition raise issues for the United State's Supreme Court's consideration that necessitate a thorough review of parts of the record offered in support of his section 2255 motion in the lower courts.    In his section 2255 petition, Mr. Jackson had submitted more than 80 exhibits, including 40 affidavits.    Undersigned counsel carefully selected the necessary materials from the record in preparing the appendix.    For example, in Argument I of the petition, Mr. Jackson argued that the government's expert concerning the alleged use of a stun gun violated due process and that trial counsel were ineffective in their failure to counter this unreliable expert evidence.    Thus, for the Court's understanding of Argument I, it was necessary to attach certain expert and attorney affidavits.    These materials, contained in Appendix G-J and O, comprised approximately 71 pages.    In Argument II, Mr. Jackson argued that the federal prosecution violated double jeopardy.    In order to present the issue clearly to the Court, it was necessary to provide the Court with certain attorney affidavits and materials concerning the federal government's involvement in the case (Apps. K-N), which

2

comprised 24 pages.    In addition, in Argument III of the petition, Mr. Jackson argued that the lower court had erred in refusing to require an evidentiary hearing thus creating a division among the circuit courts.    The district court's order denying the Rule 59(e) motion (App. D (15 pages)), the order denying a certificate of appealability (App. B (29 pages)), the expert and attorney affidavits (Apps. G-J, O (71 pages)), and the material concerning third-party guilt (Apps. P, Q (33 pages)) were necessary for the Court's understanding of that argument in the petition.

Wherefore, counsel for Mr. Jackson respectfully requests that additional compensation for necessary and reasonable extra duplication in the total amount of $1,359.75 be paid to Lantagne Legal Printing.

Respectfully submitted this the 30th day of September, 2011.

**RUDOLF WIDENHOUSE & FIALKO**


/s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.
NCSB #10107
312 West Franklin Street
Chapel Hill, NC 27516
Telephone:919-967-4900
Telefax:    919-967-4953
mgwidenhouse@RWF-law.com



**CENTER FOR DEATH PENALTY LITIGATION**


/s/ Shelagh Rebecca Kenney
Shelagh Rebecca Kenney
NCSB #28202
Center for Death Penalty Litigation
201 West Main Street, Suite 301
Durham, NC 27701
Telephone: 919-956-9545
Telefax: 919-956-9547
shelagh@cdpl.org

<u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that on the 30th day of September, 2011, I caused this MOTION TO COMPENSATE FOR EXTRAORDINARY DUPLICATION EXPENSES to be filed electronically with the Clerk of Court using the CM/ECF System, which will send notice of such filing to Jeffrey B. Kahan, Assistant Attorney General, <u>Jeffrey.Kahan@usdoj.gov</u>.

/s/Shelagh Rebecca Kenney
Shelagh Rebecca Kenney